**Larry PORTER, Plaintiff-Appellant,**

v.

**Glenn GOORD, et al., Defendants-Appellees.**

No. 16-832-pr

United States Court of Appeals, Second Circuit.

January 17, 2017

FOR APPELLANT: Larry Porter, pro se, Malone, New York.

FOR APPELLEES: Barbara D. Underwood, Solicitor General, Victor Paladino, Jeffrey W. Lang, Assistant Solicitors General, for Eric T. Schneiderman, Attorney General for the State of New York, Albany, New York.

PRESENT: REENA RAGGI, DENNY CHIN, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Larry Porter, *pro se*, appeals from the dismissal of his motion for enforcement of a stipulated settlement with four Department of Corrections and Community Supervision ("DOCCS") officials, which resolved Porter's excessive force claim brought pursuant to 42 U.S.C. § 1983. Specifically, Porter claims he is owed 41 days' interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

The district court properly dismissed Porter's motion to enforce for lack of subject matter jurisdiction. Enforcing a settlement pursuant to Fed. R. Civ. P. 41(a)(1)(ii) "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). To retain ancillary jurisdiction "over enforcement of a settlement agreement, *Kokkonen* prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). The district court's text order of dismissal did neither. Consequently, the district court lacked subject matter jurisdiction to entertain Porter's motion.

We have considered all of Porter's remaining arguments and find them to be

without merit. Accordingly, we AFFIRM the judgment of the district court.